**UNITED STATES of America,**
**Appellee,**

v.

**Eugene A. McNEALLY, Appellant.**

**No. 04–1717.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 24, 2005.

Decided: March 10, 2005.

Steven Arthur Russell, Asst. U.S. Attorney, U.S. Attorney's Office, Lincoln, NE, for Plaintiff–Appellee.

Eugene A. McNeally, Lincoln, NE, pro se.

Before BYE, RILEY, and COLLOTON, Circuit Judges.

PER CURIAM.

Eugene McNeally appeals his five convictions for willfully failing to file income-tax returns, in violation of 26 U.S.C.

§ 7203, and his eleven convictions for knowingly making or using false statements in a matter within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1001(a)(3). A jury returned the verdicts after a five-day jury trial, and the district court[1] later sentenced McNeally to concurrent terms of 10 months' imprisonment for willfully failing to file tax returns, and 12 months' imprisonment for making false statements. On appeal, McNeally argues that there was insufficient evidence that he acted willfully in failing to file his tax returns. He also asserts that the evidence was insufficient to show that his statements were false, and made knowingly and in a matter within the jurisdiction of a federal agency. Finally, he challenges the court's refusal to strike a juror.

■ When viewed in a light most favorable to the verdicts, we believe the evidence is sufficient to show that McNeally willfully failed to file his income tax returns for 1995 through 1999, particularly given his admissions at trial that he had filed federal tax returns in the past, and had used his wife's bank account to maintain his anonymity. *See United States v. Espino*, 317 F.3d 788, 791–92 (8th Cir. 2003) (standard for sufficiency-of-evidence challenges); *United States v. Brooks*, 174 F.3d 950, 955 & n. 5 (8th Cir.1999) (willfulness in criminal tax context requires proof defendant knew of and intentionally violated legal duty; proof that defendant filed tax returns in prior years showed he knew of duty, and his efforts to dissociate himself from his property and income by establishing bank account in name of trust belied good-faith defense).

■ We also believe the trial evidence supports the false-statement convictions. McNeally repeatedly informed several contractors for whom he had performed construction services that he was a nonresident alien, thus prompting many of them not to file a required Form 1099 with the Internal Revenue Service. The evidence at trial, however, established that McNeally was born in Minnesota, lived in Nebraska during the years at issue, and had no citizenship other than that of the United States. *See United States v. Yermian*, 468 U.S. 63, 68–70, 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984) (defendant must have knowledge of falsity of statements, not knowledge of statement's materiality to federal agency involved); *United States v. Baker*, 200 F.3d 558, 561 (8th Cir.2000) (materiality inquiry under § 1001 "focuses on whether the false statement had a natural tendency to influence or was capable of influencing the government agency or official"); *United States v. Popow*, 821 F.2d 483, 486 (8th Cir.1987) (false statements need not be made directly to government agency to establish jurisdiction under § 1001; instead, they need only relate to matter in which federal agency has power to act).

■ Finally, the district court did not abuse its discretion in refusing to strike the potentially suspect juror. The court reminded the juror of his obligation to maintain an open mind until all the evidence was presented. Before the case was submitted to the jury, the court stated—without objection by McNeally—that it would talk to the juror outside the presence of counsel and would let him remain on the jury only if, based on this discussion, the court believed the juror had an open mind about the case. *See United States v. Evans*, 272 F.3d 1069, 1078–79 (8th Cir.2001) (although removal of juror is appropriate if juror has formed opinion as to issue to be tried, it is sufficient if juror can lay aside pretrial impression or opinion and render verdict based on evidence pre-

---

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

sented in court); *United States v. Duke*, 255 F.3d 656, 659 (8th Cir.2001) (rulings on juror qualifications will not be disturbed absent clear showing of abuse of discretion vested in district court); *United States v. Campbell*, 845 F.2d 782, 785 (8th Cir.1988) (district court has discretion to question juror whose qualifications have come into doubt during trial to insure impartiality of jury).

Accordingly, we affirm.